IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2005 MAY 23　A 10: 16
DISTRICT OF UTAH
BY:
DEPUTY CLERK

| | |
|---|---|
| ABRAHAM BURCIAGA JR., ) | |
| ) | |
| Petitioner, ) | Case No. 2:04-CV-1134-DAK |
| ) | |
| v. ) | |
| ) | |
| CLINT FRIEL, ) | O R D E R |
| ) | |
| Respondent. ) | |

Petitioner, Abraham Burciaga Jr., asks for habeas corpus relief.  See 28 U.S.C.S. § 2254 (2005).  Because the statute of limitation has run, the Court denies his petition.

Petitioner's state conviction became final on January 7, 1997--which is apparently the deadline he missed for filing a petition for writ of certiorari with the United States Supreme Court.  On that date, the one-year period of limitation began running on Petitioner's right to bring a federal habeas petition.  Even so, Petitioner waited until almost eight years later, on December 16, 2004, to file his current federal habeas petition.  By federal statute, that was nearly seven years too late.  See id. § 2244(d).

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Id. § 2244(d)(2).  Equitable tolling is also available "'in rare and exceptional

pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Equitable tolling is also available "'in rare and exceptional circumstances.'" *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). However, Petitioner explicitly states in his petition that he did not file a state post-conviction application, and he has not argued that any equitable circumstances rescue him from the period of limitation's effect.

Accordingly, the current petition before the Court was filed past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that Petitioner's petition is denied because it is barred by the applicable period of limitation.

DATED this 20th day of May, 2005.

BY THE COURT:

DALE A. KIMBALL
United States District Court